OPINION
{¶ 1} The instant appeal involves the administration of an estate. Appellant, Irene K. Makridis ("Makridis"), appeals from the decision of the Trumbull County Court of Common Pleas, Probate Division, denying the executor's application for authority to pay Makridis $5,000 in attorney fees for services rendered in a separate action for the concealment of assets, otherwise referred to as case number 99 CVA 007. As a preliminary matter, we note that appellee has not filed an answer brief.
{¶ 2} By way of background, Makridis is the attorney of Irving L. Rosenblatt, the executor of Lena B. Simons' ("Simons") estate. On January 7, 1999, the executor filed an application to probate Simons' last will and testament. Among other individuals, Thomas Fairmakes ("Thomas"), the decedent's nephew, and Ruth Fairmakes ("Ruth"), the decedent's sister, were named as beneficiaries. Pursuant to the will, Thomas was entitled to receive five percent of the estate, while Ruth was to receive ten percent of the estate. In a judgment entry dated January 12, 1999, the probate court admitted the will to probate.
{¶ 3} Apparently, in a separate action, the executor filed a lawsuit (case number 99 CVA 007) against Thomas and Ruth for the concealment of assets from Simons' estate. Eventually, the executor obtained a judgment in that case against Thomas and Ruth in the amount of $258,862.26 and, inter alia, payment of attorney fees and costs.[1]
{¶ 4} In the present case, the executor filed a motion for setoff, claiming that no payments had been received from Thomas or Ruth towards the satisfaction of the judgment rendered in case number 99 CVA 007. As a result, the executor requested the probate court to grant him authority not to make any distribution from the estate and to offset Thomas and Ruth's inheritance against the judgment rendered against them in case number 99 CVA 007.
{¶ 5} Eventually, the probate court ruled on the motion for set off. In its judgment entry, the probate court confirmed that on December 17, 1999, in case number 99 CVA 007, the executor of the estate obtained a judgment against Thomas and Ruth for the sum of $258,862.26 and, inter alia, payment of attorneys fees and costs. The probate court acknowledged that this judgment had not been satisfied. As a result, the court ordered that "the sums to which Thomas Fairmakes and Ruth Fairmakes are entitled under the will of Lena B. Simons shall be applied first towards the costs of the proceeds and the remaining sums shall be applied to the outstanding judgment from Case No. 99 CVA 007."
{¶ 6} Then, on September 5, 2001, in case number 99 CVA 007, the probate court rendered a judgment in favor of the executor and against Thomas and Ruth, jointly and severally, in the amount of $5,000 for attorney fees incurred by the executor in the litigation of the concealment of assets suit.
{¶ 7} However, in the present case, on September 24, 2001, the executor filed an application for authority to pay Makridis attorney fees for services rendered in the concealment of assets suit, otherwise known as case number 99 CVA 007.[2] Without a hearing, the probate court denied the application for attorney fees on October 15, 2001, reasoning that the relief sought had been previously granted in case number 99 CVA 007:
 {¶ 8} "This matter came before the Court on the Application for Attorney Fees for Concealment of Assets. The Court finds the motion is not well take in that the fees have been previously been awarded in the civil action 99 CVA 007 on September 5, 2001."
{¶ 9} It is from this judgment Makridis appeals, advancing a single assignment of error for our consideration:
 {¶ 10} "The trial court erred to the prejudice of appellant in ruling that a judgment granting an executor recovery of attorney fees against parties found guilty in a concealment of assets action precludes payment by the estate of fees to the attorney whose efforts resulted in recovery of estate assets in the concealment of assets action."
{¶ 11} In the sole assignment of error, Makridis presents two separate issues for our review, and we will address each one in turn.
{¶ 12} First, Makridis maintains that the September 5, 2001 judgment entry in case number 99 CVA 007 awarded the executor a judgment in his favor to recover $5,000 in attorney fees from Thomas and Ruth as to the concealment of assets action. Since Thomas and Ruth are insolvent, this judgment "may never result in [Makridis] being paid for the valuable services she indisputably provided for the estate in the successful prosecution of the concealment of assets action." In essence, Makridis seeks to have the estate pay $5,000 in attorney fees generated in case number 99 CVA 007.[3]
{¶ 13} Contrary to the probate court's contention in its October 15, 2001 judgment entry, the relief sought by Makridis was not previously rendered by the probate court in case number 99 CVA 007. The record before this court indicates that pursuant to the September 5, 2001 judgment entry in case number 99 CVA 007, the executor, not Makridis, received a judgment to recover $5,000 in attorney fees from Thomas and Ruth, jointly and severally. As such, we remand this matter for the probate court to hold a hearing to determine whether the estate may pay Makridis $5,000 in attorney fees generated in the concealment of assets case.
{¶ 14} Second, Makridis submits that the probate court's October 15, 2001 ruling was made without notice or an opportunity for appellant to be heard on the issue of whether she was attempting to receive duplicate relief. In light of our holding as to the first issue in the single assignment of error, the second issue is rendered moot.
{¶ 15} Based on the foregoing analysis, appellant's lone assignment of error is meritorious to the extent indicated. Therefore, the judgment of the probate court is reversed, and the matter is remanded for proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] For ease of discussion, this separate action will be referred to as "case number 99 CVA 007" or "the concealment of assets suit."
[2] A copy of the September 5, 2001 judgment entry rendered in case number 99 CVA 007 was attached to this motion. Furthermore, according to the motion, Makridis collected $31,920.90 from Ruth pursuant to a judgment lien that was recorded for case number 99 CVA 007. A review of the record shows that these funds were listed in the October 10, 2001 fiduciary's account as a receipt of the estate in the year 2000.
[3] As an aside, we note that the probate court authorized the executor to pay Makridis the sum of $16,367.12 for services rendered in the administration of the estate.